# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1273-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Linda L. Gray, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Linda L. Gray,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GRAY

| | |
|---|---|
| OPINION FILED: | April 18, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.  2017AP1273-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Linda L. Gray, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

  **v.**

**Linda L. Gray,**

        **Respondent.**

**FILED**

**APR 18, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1  PER CURIAM.  Pending before the court is the report of referee Jonathan V. Goodman, following a hearing and the receipt of a stipulation and supplemental stipulation between the Office of Lawyer Regulation (OLR) and the respondent, Attorney Linda L. Gray.  Attorney Gray has opted to plead no contest to the sole misconduct count brought against her:  a violation of SCR 20:1.8(c)[1] related to her drafting of the will

---

[1] SCR 20:1.8(c) provides:

(continued)

of M.A., who died at age 71 in January 2015. Although Attorney Gray is not related to M.A., she received a significant testamentary gift from her: the balance of her estate after specific bequests to charities were distributed, which resulted in Attorney Gray receiving $298,742.12. Consistent with the parties' stipulation, the referee recommended that this court suspend Attorney Gray's Wisconsin law license for 60 days for her professional misconduct. The referee further recommended that Attorney Gray should be assessed the full costs of the proceeding, which are $2,067.67 as of January 17, 2018. The OLR does not seek the payment of restitution in these proceedings, and the referee does not recommend it.

¶2 No appeal has been filed so we review this matter pursuant to SCR 22.17(2).[2] We approve and adopt the referee's

A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, nor prepare an instrument giving the lawyer or a person related to the lawyer any substantial gift from a client, including a testamentary gift, except where (1) the client is related to the donee, (2) the donee is a natural object of the bounty of the client, (3) there is no reasonable ground to anticipate a contest, or a claim of undue influence or for the public to lose confidence in the integrity of the bar, and (4) the amount of the gift or bequest is reasonable and natural under the circumstances. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

[2] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or

(continued)

2

findings and conclusions and we agree that a 60-day suspension is sufficient discipline for Attorney Gray's misconduct. We further order that Attorney Gray pay the full costs of this disciplinary proceeding. We decline to order restitution.

¶3 Attorney Gray was admitted to the practice of law in Wisconsin in 1982. She practiced law in East Troy, Wisconsin at the time of the filing of the complaint. Her disciplinary history consists of one private reprimand imposed some time ago, in the 1980s.

¶4 Attorney Gray knew M.A. since the mid-1980s. M.A. never married, had no children, and was estranged from her siblings and other relatives. Attorney Gray and M.A. became close friends and remained so for many years preceding M.A.'s death.

¶5 M.A. died in January 2015 at age 71 after a battle with cancer. During M.A.'s illness, Attorney Gray spent a great deal of time attending to M.A.'s needs, rendering what the referee described as "outstanding care and attention" that went "above and beyond the norm in her devotion to [M.A.] and her assistance and care in [M.A.'s] final years, months, and days." The care rendered by Attorney Gray included, but was not limited

---

modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

to, spending considerable time taking M.A. to and from her required medical treatments.

¶6 In 2013, M.A. asked Attorney Gray to draft a will to replace one that Attorney Gray had drafted for her many years earlier, in 2000. Attorney Gray did so, and M.A signed the will before witnesses in September 2013. M.A.'s drafting instructions for the will were clear: no bequests were to be made to any of her relatives; specific bequests were to be made to certain charities; and the balance of her estate was to be distributed to Attorney Gray. Attorney Gray drafted the will in accordance with these instructions, and M.A. signed the will in the presence of witnesses. There is no dispute that M.A. had testamentary capacity at the time she signed her will.

¶7 After M.A.'s death, the will went through probate without contest. Attorney Gray served as the personal representative.

¶8 As explained above, under the terms of the will, Attorney Gray received over $290,000 from M.A.'s estate. Her receipt of this money triggered a complaint to the OLR by a relative of M.A. who had little in the way of a relationship with M.A. during her lifetime.

¶9 The parties stipulated and the referee concluded that Attorney Gray had violated SCR 20:1.8(c) by drafting M.A.'s will, given that Attorney Gray was not related to M.A. and received a significant residuary gift from the will. On the basis of this professional misconduct, the parties stipulated to a 60-day suspension of Attorney Gray's license. The referee

4

adopted that stipulation as his recommendation to the court. He wrote that, although one could "easily conclude" that a public reprimand would be appropriate here, a 60-day suspension is appropriate given the gravity of the offense and the need to deter other attorneys from engaging in similar conduct.

¶10 The referee held an evidentiary hearing to evaluate whether this court should order Attorney Gray to reimburse M.A.'s estate for the nearly $300,000 residuary gift she received. After hearing testimony from Attorney Gray and two of M.A.'s long-time friends, the referee recommended against a restitution order, citing Attorney Gray's age (70 years old), the loss of business and income she incurred as a result of adverse publicity generated by these proceedings, and "the lack of evidence of any undue influence" by Attorney Gray on M.A.

¶11 After careful review of the matter, we conclude that the record supports the referee's findings of fact. Accordingly, we adopt them.

¶12 We further agree with the referee's conclusion of law that Attorney Gray violated SCR 20:1.8(c). As an admitted non-relative of M.A., Attorney Gray had a duty to refuse to draft a will in which she would receive a testamentary gift. See State v. Collentine, 39 Wis. 2d 325, 332-33, 159 N.W.2d 50 (1968). She was obliged to advise M.A. to consult another attorney if M.A. insisted on making such a bequest. Id. Attorney Gray violated this duty when she drafted M.A.'s will and included herself as a beneficiary.

¶13 We further agree that a 60-day suspension is appropriate. Our case law dictates that a suspension, rather than a reprimand, is required. In State v. Beaudry, 53 Wis. 2d 148, 191 N.W.2d 842 (1971), we concluded that a reprimand was appropriate for an attorney-beneficiary who selected another attorney to act as a mere scrivener, not as an independent legal advisor, in drafting a client's will in which the selecting attorney was named the primary beneficiary. We warned that "we consider the seriousness of this reprimand to be but a notch or a hairline from suspension." Id. at 156. Here, no daylight separates Attorney Gray's actions from what we have demarked as unethical behavior, both by rule and by precedent.

¶14 But like the referee, we see no need to order a suspension longer than the parties' stipulated 60-day suspension. A 60-day suspension is, generally, our minimum suspension length. See In re Disciplinary Proceedings Against Grady, 188 Wis. 2d 98, 108-09, 523 N.W.2d 564 (1994). A minimum suspension length is appropriate here given Attorney Gray's scant disciplinary history and the absolute absence of evidence in the record that she took advantage of M.A., her longtime friend. By all indications, Attorney Gray's preparation of M.A.'s will was misguided, not malevolent.

¶15 We turn next to the issue of restitution. We agree with the referee's determination, based on the parties' stipulation and the testimony received at an evidentiary hearing, that a restitution order would be inappropriate. M.A.'s will has been fully probated and the estate is closed.

6

Ordering Attorney Gray to make restitution of the amount of her residuary gift here would undo the results of those probate proceedings——something we decline to do, particularly given the facts of this case.

¶16  Finally, we turn to the issue of costs.  The referee has recommended that Attorney Gray pay the full costs of this proceeding, which total $2,067.67 as of January 17, 2018. Attorney Gray has not objected to this recommendation.  In the absence of any objection, and consistent with our general practice, we impose full costs.  See SCR 22.24(1m).

¶17  IT IS ORDERED that the license of Linda L. Gray to practice law in Wisconsin is suspended for a period of 60 days, effective May 30, 2018.

¶18  IT IS FURTHER ORDERED that Linda L. Gray shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19  IT IS FURTHER ORDERED that within 60 days of the date of this order, Linda L. Gray shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,067.67 as of January 17, 2018.

¶20  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  See SCR 22.29(4)(c).